# In the United States Court of Federal Claims

No. 18-1723L
(Filed: February 26, 2019)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ALETA D. WALLACE-MAYES,

                *Plaintiff,*

v.

THE UNITED STATES,

                *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

On October 26, 2018, plaintiff filed a complaint, alleging that she is entitled to monetary relief for property damage and personal injury caused by the negligence of the United States Army Corp of Engineers ("USACE"). On December 20, 2018, defendant filed a motion to dismiss for lack of jurisdiction or, in the alternative, for failure to state a claim. Oral argument is deemed unnecessary. Because this court does not have jurisdiction over plaintiff's claim, we grant the government's motion to dismiss.[1]

This court has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491 (2012). In other words, for this court to have jurisdiction over her claim, plaintiff must point to some provision of the Constitution or federal law or a contract with the United States that mandates that plaintiff presently be paid a sum of money. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). A Fifth

---

[1] Because plaintiff's claim sounds in tort and is outside of this court's jurisdiction, it is unnecessary to reach the government's arguments regarding the limitations period and failure to state a claim.

Amendment takings claim is within this court's jurisdiction, whereas a tort claim is not.

In her complaint, plaintiff "asserts the USACE was negligent in the performance of its duty" and that "this negligence caused and causes injury and without mitigation will still cause" property damage through erosion and changes in the riverbed. Compl. 2. She alleges that the USACE ignored Clean Water Act, 33 U.S.C. §§ 1251–1387 (2012), violations and did not seek to correct "new water inflows into the Pomme de Terre River Hermitage, Hickory Co., MO, for over 8 years (to date)[.]" Compl. 1. These violations and changes in water levels allegedly have caused permanent harm to her property.

Plaintiff filed a tort claim with the United States Army Tort Claims Division pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (2012), regarding the property damage and emotional distress. The Tort Claims Division denied plaintiff's claim on September 21, 2017. Compl. Ex. B-4. The Tort Claims Division advised plaintiff that she could appeal by filing suit in an appropriate United States district court. *Id.* Although plaintiff's complaint here is titled "Negligence, Injury and Taking Pleading," plaintiff consistently refers to the USACE's negligence and her personal injury. Plaintiff states on the last page of her complaint, "This pleading does not include in any part the 'takings' claim I have . . . ." Compl. 4.

Defendant argues that plaintiff concedes her only claim is a tort claim. In her response to the motion to dismiss, plaintiff provides more context for her claim but repeatedly states that her claim involves negligence by USACE and is not a takings claim. She states that this court "has the prevailing power to declare law for negligence, breach of duty, mismanagement, abuse . . . The 5th Amendment Takings Without Compensation has its own avenue of submitting claims and mine is still being considered[,] which the defendant seems to be intermingling in this tort claim." Resp. at 3. She explains that she mentioned her "takings claim" in her complaint as an example that "I had addressed takings without compensation through the proper channel and not of this litigation of injury from and due to the negligence and abuse by the USACE." *Id.* at 2. She asks, "[W]hy is the defendant referring to the takings claim as if it were part of this action?" *Id.* at 3.

Ms. Wallace-Mayes filed her complaint as a *pro se* plaintiff. As such, we liberally construe her complaint, but our lenient reading does not allow the complaint to skirt around this court's jurisdictional limits. *See Henke v.*

*United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Plaintiff alleges negligence by the USACE. Negligence is a classic tort claim over which this court does not have jurisdiction. She states that she is currently addressing any claim that she believes to be a takings claim with the USACE, and the United States Army Tort Claims Division properly advised her that she could file an appeal of her tort claim in an appropriate United States district court. 28 C.F.R. § 14.9 (2018). Her claim simply does not fall within this court's jurisdiction.

Because the complaint does not allege a claim over which this court has jurisdiction, it must be dismissed. Accordingly, defendant's motion to dismiss is granted. The Clerk is directed to dismiss the complaint without prejudice and to enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Senior Judge